REVISED DECISION
The parties have submitted to the Court the question of whether or not expenditures made by Stephen Finn, in a total sum of $48,757.89 for the period commencing around May 1997 to the time of sale of the property owned by the parties, are to be paid = by William. William, in his memo, indicates the sum to be $47,344.51 gross. The Court has not run the totals, but in view of my decision, I assume the counsel for the parties will recalculate the sums in light of the standard enunciated.
It appears from the file in this matter that the dispute is only one of several disputes between the parties which may have colored the thought processes of each. As to this dispute, the parties acquired the subject property in October of 1986. Since there is no tenancy stated, the presumption is that parties own as tenants in common, that is each owns one half.
William and Stephen, at that time, agreed that William would have sole use for eight (8) months of the year, in what is usually called the off season and Stephen would have sole use for four (4) months i.e., the summer season. Each would be responsible for 50 percent of the expenses of owning, using and maintaining the property. This appears to have been done, from what I perceive was a recognition that 50 percent of the expenses for four (4) months in the summer season is somewhat equivalent to 50 percent for twice as long i.e., eight (8) in the off season. Or there could be some other reason not stated by the parties. This scenario was followed for about 11 years.
In 1997 William advised his brother, apparently through his attorney, that the arrangement was no longer suitable to him and he wished to use the property on a different schedule. When he was rebuffed, he stopped paying his agreed-to share of the expenses.
Now, how much use each brother had of the premises from that point on is unknown to the Court. From the arguments presented by William it would appear that he may have used the property for his eight (8) months — 97-98 and 98-99 — but not paid his share (as he determines it) of the expenses. From March 1999 until the property was sold, he believes that Stephen should pay all the expenses since he had sole use from March 1999, because he (William) was refused use of the property in the manner which he desired.
All the bills presented appear to be the sort of expenditures contemplated in the owning, using and maintenance of the premises, other than personal charges for telephone calls made by each of the parties.
Therefore, since the parties agreed on an 8 to 4 month use of the premises with a 50-50 split on expenses, there being no agreed upon change by both parties, William is to pay = of the '97 '99 expenses of either $47,344.51 or $48,757.89, whatever the bills total, minus any telephone charges for specific calls made by Stephen.
 Addendum
After the preparation of this decision, the Court was advised that there was a remaining question as to a bill for taxes in the amount of $1,895.44. In view of the above decision, this is a joint responsibility of both parties to be shared in accordance with their unchanged mutual agreement of sharing the expenses fifty-fifty.